## White Sewing Machine Company v. Wilson Company.

(Decided May 20, 1915.)

Appeal from Ohio Circuit Court.

Contracts—Breach—Waiver of Right to Set-off Damages Occasioned by Breach Against Action on Note Given Pursuant to Contract.—Where with full knowledge of an alleged breach of its contract by a seller of goods, the buyer executes a note therefor, he waives his right to interpose such alleged breach of the contract against an action on the note.

LIKENS & CROWE for appellant.

ERNEST WOODWARD and M. L. HEAVERIN for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

On October 21, 1909, the Wilson Company, dealers in general merchandise at Fordsville, purchased from the White Sewing Machine Company, of Cleveland, Ohio, thirteen sewing machines, at the price of $264.00. The sale was negotiated by W. J. Shea, an agent of the machine company, and a written order was given by the Wilson Company for the machines.

The receipt of this order was acknowledged by the sewing machine company by a letter dated November 1, 1909, in which it stated that the order was accepted as given, although the credit term of twelve months therein allowed was unusual.

On November 3, 1909, the Wilson Company, in payment of the machines so ordered and received by it, executed its note due November 3, 1910, in the sum of $264.00.

On December 9, 1910, the Wilson Company executed a second order for sewing machines, which was identical with the first, the machines to be paid for by note to be dated December 9, 1909, and due December 9, 1910. This note, however, was not executed according to the terms of the order; but on January 4, 1911, the Wilson

Company paid the $264.00 note which was given for the first lot of machines, and which had matured November 3, 1910, and executed its note dated December 9, 1910, and due October 1, 1911, in payment for the second lot.

Payment of this second note being refused by the maker, the sewing machine company sued thereon in the Ohio Circuit Court. The defense set up by the defendant will hereafter fully appear. Upon trial, the court adjudged a cancellation of the note sued on, and made certain orders by way of a division between the parties of some of the machines involved. The plaintiff appeals.

It appears that at the time the salesman, Shea, obtained from the Wilson Company the first order for machines, a written contract was executed by him, in addition to the order for the machines above referred to. This written contract was an agreement to send salesmen into the vicinity of Fordsville and to sell the thirteen machines ordered, to desirable customers, the sewing machine company to have one-half of the profits on the machines in payment for making such sales, and the Wilson Company to have the other half of the profits. This agreement was signed by the Wilson Company and W. J. Shea, and Shea also signed thereto the name of the White Sewing Machine Company.

By the terms of this agreement, the appellant was to furnish the machines, appellee investing no capital, incurring no expense and being put to no trouble or effort, and appellant was to sell them at such prices that appellee would realize forty dollars for each of the thirteen machines, receiving in this way a net profit of $19.70 on each machine.

It is conclusively shown by the proof that Shea had no authority to make such a contract, and that his principal had no knowledge of his having done so until September 20, 1910, at which time the Wilson Company sent appellant a copy thereof.

Shea had informed his company of his having ·made an arrangement with appellee to assist the latter in the sale of the machines, but he did not inform his company that he had made this arrangement on its behalf.

On December 10, 1909, in acknowledging the receipt of the second order for machines, appellant company had written appellee company as follows: ''We learn with pleasure from Mr. Shea that the arrangement he concluded with you for the retail sale of the machines or-

dered through him previously has been carried through, you being well satisfied with the service rendered. Knowing Mr. Shea as we do, we feel entire confidence that any personal arrangement of this character which he makes with you will redound to your ultimate satisfaction as well as benefit.''

When on September 20, 1910, the Wilson Company furnished the sewing machine company with a copy of the contract which Shea had assumed to execute in its behalf, the latter immediately disavowed Shea's authority to execute such a contract in its behalf.

After some further correspondence, the note given for the first lot of machines was paid by the Wilson Company, and the sewing machine company agreed to accept a note for $264 for the second lot, dated December 9, 1910, and due October 1, 1911, instead of one dated December 9, 1909, and due December 9, 1910, as provided for by the order upon which the machines were shipped. The Wilson Company contended for a while that this note should not bear interest until after maturity, but the sewing machine company insisted firmly that twelve months' time having already been given on the shipment, the note should bear interest from date; and upon this the parties finally agreed, and closed the matter up about January 4, 1911, more than a year after the second order for machines was executed. Suit on the note was instituted in January, 1912.

Defendant filed an answer, counter-claim and set-off. The first paragraph thereof is a denial of the execution of the note; but this defense failed. The second paragraph set up the contract above mentioned which Shea had executed himself and assumed to execute for the plaintiff company, and claimed damages for the breach thereof. The third paragraph was a plea that the note was obtained by fraud, and was executed without consideration. The plaintiff by reply pleaded that the note sued on was executed as a final settlement of all differences between the parties, and that defendant was estopped from asserting the defenses relied upon by it.

The correspondence had between the parties during the period from September, 1910, to January, 1911, when the note sued on was executed, incontestably shows that the appellee was then fully informed of those facts which are made the basis of its counter-claim and set-off herein, and which it charges as a breach of the contract made

by Shea and assumed to be executed by him for and on behalf of the appellant; and that the latter company expressly disavowed the authority of Shea to bind it by such a contract, and disclaimed responsibility for any breach thereof.

With full knowledge and understanding of these facts, and in consideration of the extension of time granted to it, the appellee paid the first note and executed the second note, the one here involved.  By its act in so doing, it necessarily recognized as the basis and the only basis upon which such a settlement could be affected, the lack of authority upon the part of Shea to execute the contract upon which the counter-claim herein asserted is founded, and thereby voluntarily relinquished and clearly waived its right to interpose in defense of the note so executed or as a counter-claim against the plaintiff, the asserted breach of the contract mentioned.  Summers v. Carpenter, 156 Ky., 337, 160 S. W., 1064.

The judgment of the trial court is, therefore, reversed, with directions to enter a judgment in favor of plaintiff, in accordance with the prayer of its petition.